**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **SAMUEL BARKER** | **CIVIL ACTION** |
| **VERSUS** | **NO. 25-907** |
| **DANIEL DYSART, ET AL.** | **SECTION "O"** |

## ORDER AND REASONS

Before the Court in this tort litigation in which Samuel Barker, *pro se*, seeks equitable relief and to recover damages for alleged "reckless, malicious defamation of character" from three judicial officers—one state appellate judge, Daniel Dysart of the Louisiana Fourth Circuit Court of Appeals, and two federal judges, former U.S. Magistrate (now U.S. Fifth Circuit) Judge Dana Douglas and current U.S. District Judge Susie Morgan, each of whom presided over criminal proceedings against or collateral challenges thereto by Mr. Barker—are two motions to dismiss, one[1] by the United States which substituted itself for the federal judicial officer defendants, and one[2] by the state judicial officer, Judge Dysart.[3]

## I.    BACKGROUND

Samuel Barker is serving a life sentence after a jury adjudged him guilty of multiple state-law counts of burglary and criminal damage to property perpetrated during a four-day crime spree. Approximately nine years after his criminal conviction, Mr. Barker filed this lawsuit *pro se* in state court against federal Judges

---

[1] ECF No. 4.

[2] ECF No. 6.

[3] It appears a third defendant, Kyle Daly, purportedly an assistant district attorney, has not been served.

Douglas and Morgan as well as state Judge Dysart and assistant district attorney Kyle Daly. Specifically disclaiming that his lawsuit challenges any criminal judgment, Mr. Barker seeks the following relief due to allegedly defamatory statements written by Judge Dysart in state court rulings and reproduced or passed on by the other named defendants: declaratory relief, a public retraction, prospective injunctive relief prohibiting all defendants from using the statements in the future, and monetary damages.

By the instant lawsuit, Mr. Barker challenges judicial and prosecutorial conduct in three prior cases: a criminal case; a state civil action; and a federal habeas proceeding. A brief summary of these proceedings contextualizes the instant lawsuit and the motions seeking to dismiss it.

*Criminal Case*

First, *State v. Barker*, No. 525-837, was the criminal proceeding against Mr. Barker in state court. After "fil[ing] no less than sixty-five *pro se* written notices, statements, pleadings, and motions[,]" Mr. Barker went to trial, was convicted on various counts, and sentenced to life in prison as a fourth felony offender. When Mr. Barker directly appealed his conviction and sentence, Judge Dysart wrote the Louisiana Fourth Circuit Court of Appeal's opinion, which affirmed Mr. Barker's conviction and sentence, having rejected 19 assignments of error raised by either Mr. Barker's attorney or solely by Mr. Barker, *pro se. State v. Barker*, 2017-0469 (La. App. 4 Cir. 5/30/18), 317 So. 3d 422. The Louisiana Supreme Court denied writs. *State v. Barker*, 2018-0968 (La. 3/18/19), 267 So. 3d 85. And, Mr. Barker's writ application,

2

seeking post-conviction relief based on a claim of ineffective assistance of counsel, was later denied by the Louisiana Supreme Court. *State v. Barker*, 21-00705, p. 1 (La. 9/27/21), 324 So.3d 83.

*State Civil Lawsuit Challenging the Underfunded Public Defender's Office*

Second, in *Barker v. Judge Karen Herman, et al.*, No. 2016-9230, Civil District Court for Orleans Parish, Mr. Barker, *pro se*, sued the Governor, the Office of Public Defenders, its chief district defender, a state legislator, a legislative commission, various judges, a district attorney, and the attorney general, alleging that his constitutional rights were violated as a result of the underfunding of the Office of Public Defenders. The state trial court entered judgment overruling the chief district defender's exceptions of lack of subject matter jurisdiction, no cause of action, and no right of action. Though the state Fourth Circuit Court of Appeal denied the chief defender's writ application, Judge Dysart dissented from the majority, finding that the exceptions were erroneously denied by the trial court. The Louisiana Supreme Court reversed, agreeing with Judge Dysart's dissent and granting the exception of lack of subject matter jurisdiction. *Barker v. Herman*, 18-1725 (La. 4/22/19), 267 So. 3d 585.

The state civil case proceeded as to other parties. In *Barker v. Herman*, 2022-0301, 2022 WL 5421090, at *1-2 (La. App. 4 Cir. 10/7/22), the court summarized the state criminal and civil proceedings and ultimately affirmed the trial court's granting of exceptions of no right of action and dismissing with prejudice Mr. Barker's claims against certain defendants. The court noted that Mr. Barker moved to recuse Judge

Dysart in his writ application to the appellate court due to the 2018 dissent at issue in the instant lawsuit; Mr. Barker's request for recusal was denied as moot. *Id.*

*Federal Habeas Petition*

Mr. Barker filed his federal habeas petition in Civil Action No. 21-1997, *Barker v. Vannoy*, seeking to collaterally challenge his state-court conviction and sentence.[4] Judges Douglas and Morgan presided.

As magistrate judge, Judge Douglas issued a Report and Recommendation recommending that Mr. Barker's habeas petition be dismissed with prejudice. In analyzing and rejecting one of many challenges advanced by Mr. Barker to his conviction and sentence, then-Magistrate Judge Douglas reproduced Judge Dysart's written opinion that Mr. Barker's conduct in adding an attorney appointed to represent him in his criminal case as a defendant in his civil lawsuit was an attempt to "fabricate a conflict of interest" and manipulate the criminal proceeding. *Barker v. Vannoy*, No. 21-1997, 2022 WL 22879050, at *30 and n.53 (E.D. La. Sept. 12, 2022) (quoting *State v. Barker*, 317 So. 3d 422, 461 n.32 (La. App. 4 Cir. 2018)). Overruling Mr. Barker's objections to the Report and Recommendation, Judge Morgan adopted the Report and Recommendation and dismissed with prejudice Mr. Barker's habeas petition. *Barker v. Vannoy*, No. 21-1997, 2024 WL 4275242 (E.D. La. Sept. 24, 2024). In so doing, Judge Morgan specifically overruled Mr. Barker's objection to the

---

[4] During the pendency of his state criminal case, Mr. Barker filed a premature federal habeas petition, which was dismissed without prejudice. *See Barker v. Vannoy*, No. 17-6674 ECF No. 26. Additionally, Mr. Barker, *pro se*, purported to lodge an "appeal" of state court proceedings in another section of this Court; when Mr. Barker resisted the recharacterization of his case as a habeas petition, the case was dismissed without prejudice for lack of subject matter jurisdiction. *See Barker v. Vannoy*, No. 18-11696 ECF No. 23.

magistrate judge's resolution of the conflict of interest habeas claim, observing that "[t]he Louisiana Fourt Circuit explained, 'Mr. Barker's *pro se* supplemental brief . . . appears to corroborate the notion that he attempted to fabricate a conflict of interest by suing the judge and his attorney and then attempted to use that spurious conflict of interest to avoid prosecution.'" *Id.* at \*6 (citing *Barke*r, 317 So. 3d at 461 n.32).[5]

*The Instant Lawsuit*

On February 19, 2025, Mr. Barker filed the instant lawsuit, *Barker v. Dysart, et al.*, No. 2025-1618 in Civil District Court in Orleans Parish against state Judge Dysart, assistant district attorney Kyle Daly,[6] and federal Judges Douglas and Morgan. Mr. Barker seeks to recover against Judge Dysart for alleged defamatory remarks written in the Louisiana Fourth Circuit Court of Appeal opinion affirming Mr. Barker's conviction and sentence. Mr. Barker alleges that the following remark by Judge Dysart was defamatory: "In the instant case, Mr. Barker was appointed four attorneys prior to trial, and each time, he named them as a defendant in his civil lawsuit, then moved for his or her dismissal under a claim of conflict of interest." ECF No. 1-1 at 5 ¶ 4. Mr. Barker claims that the statement was false because not one of his court-appointed attorneys in the criminal matter was named as a defendant in the *Barker v. Herman* matter. *Id.*

---

[5] Just a few months after his federal habeas petition was dismissed with prejudice, Mr. Barker filed another habeas petition, which was construed as a motion for authorization to file a successive habeas petition. *See Barker v. Hooper*, No. 24-2934. So construed, the motion was transferred to the Fifth Circuit for authorization, which the Fifth Circuit denied in an unpublished order. *See id.* (ECF Nos. 4 and 7).

[6] There is no indication that Defendant Kyle Daly was served. The Court issued a show-cause order (ECF No. 13) to which Mr. Barker responded, indicating that he does not know why three defendants were served while the case proceeded in state court, but Daly apparently was not. ECF No. 14. Mr. Barker indicated or requested that service should be mailed to Daly. *Id.*

Mr. Barker alleges that Defendant Kyle Daly's role in the alleged defamation was that he quoted Dysart's "false fact" and "passed that false fact remark to a federal magistrate judge (Dana M. Douglas)" who allegedly reproduced "the false fact" in characterizing the conflict of interest issue as whether Barker created a conflict of interest by adding his trial counsel as a defendant in a civil lawsuit. *Id.* at 6 ¶ 7. And Judge Douglas thus passed on this "false fact" to Judge Morgan who allegedly adopted it without factchecking it. *Id.* at 6-7.

Mr. Barker additionally alleges that Judge Dysart filed a dissenting opinion in Mr. Barker's civil lawsuit, *Barker v. Herman*, and that doing so "should be a conflict in and of itself" because Judge Dysart's dissent "is attempting to thwart Plaintiff's civil case." *Id.* at 8. According to Mr. Barker, this dissenting opinion "provides to the Louisiana Supreme Court other false facts" which Mr. Barker contends that Dysart "should have to retract[.]" *Id.* at 7-8.

In May 2025, the United States, on behalf of Judges Douglas and Morgan, removed Mr. Barker's lawsuit to another section of this Court under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2679(d)(2). Accompanying the notice of removal was the U.S. Attorney General's delegee's certification that Judges Douglas and Morgan were acting within the scope of their employment as employees of the judicial branch of the United States government at the time of the alleged defamatory conduct. ECF No. 1 and 1-2. This achieved substitution of the United States as defendant in place of the named federal judges. *Id.* (citing 28 U.S.C. § 2679(d)(2) (in accordance with this certification, the case "shall be deemed to be an action or proceeding brought against

the United States" and "the United States shall be substituted as the party defendant").

The United States now moves to dismiss due to Mr. Barker's failure to exhaust his administrative remedies under the FTCA in accordance with 28 U.S.C. § 2675(a). Even if Mr. Barker had exhausted his administrative remedies, the United States offers another avenue for dismissal, contending that the FTCA specifically preserves the defense of absolute judicial immunity, 28 U.S.C. § 2674, which covers Judges Douglas and Morgan's conduct in presiding over Mr. Barker's civil habeas proceeding.

For his part, Judge Dysart moves to dismiss claims asserted against him for lack of subject matter jurisdiction, invoking Eleventh Amendment immunity, and he additionally invokes absolute judicial immunity, the *Rooker-Feldman* doctrine, and contends that Mr. Barker fails to allege any plausible claim for injunctive relief.[7]

## II.    LAW AND APPLICATION

### A.  Legal Standards

#### 1.  Rule 12(b)(1)

"Federal courts are courts of limited jurisdiction; without jurisdiction conferred by statute, they lack the power to adjudicate claims." *In re FEMA Trailer Formaldehyde Prod. Liab. Litig.*, 668 F.3d 281, 286 (5th Cir. 2012) (citation omitted). "Rule 12(b)(1) motions challenge the subject matter jurisdiction of the district court." *McLin v. Twenty-First Jud. Dist.*, 79 F.4th 411, 415 (5th Cir. 2023). "[A] claim is 'properly dismissed for lack of subject-matter jurisdiction when the court lacks the

---

[7] Mr. Barker's lawsuit was reallotted to this section of Court after the motions were submitted for decision. ECF No. 12.

statutory or constitutional power to adjudicate' the claim." *In re FEMA Trailer Prod. Liab. Litig.*, 668 F.3d at 286 (citation, quotation omitted). Courts are to consider a Rule 12(b)(1) jurisdictional argument before addressing any other arguments on the merits. *Id.* (citing *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)).

When a defendant brings a Rule 12(b)(1) motion, "the plaintiff bears the burden of proof in establishing that jurisdiction does in fact exist." *See Porretto v. City of Galveston Park Bd. of Trs.*, 113 F.4th 469, 481 (5th Cir. 2024). To carry his burden at the pleading stage, the plaintiff generally must "allege a plausible set of facts establishing jurisdiction." *Burnett Specialists v. Cowen*, 140 F.4th 686, 693 (5th Cir. 2025) (citing *Physician Hosps. of Am. v. Sebelius*, 691 F.3d 649, 652 (5th Cir. 2012)). Where the jurisdictional question is confined to the pleadings, the Rule 12(b)(6) standard, set forth more fully below, applies: "[a]ll well-pleaded facts are accepted as true and viewed in the light most favorable to the plaintiff." *Shemwell v. City of McKinney*, 63 F.4th 480, 483 (5th Cir. 2023) (internal quotations and citations omitted). However, in examining its jurisdiction, the Court may go beyond the pleadings to find a plausible set of facts to support subject matter jurisdiction by considering any of the following: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *See Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996).

If a court lacks subject matter jurisdiction over an action or claim, the action or claim is properly dismissed without prejudice. *See Spivey v. Chitimacha Tribe of*

*La.*, 79 F.4th 444, 449 (5th Cir. 2023) ("[I]t's precisely because the jurisdiction-less court cannot reach the merits that it also cannot issue with-prejudice dismissals that would carry *res judicata* effect. So we've repeatedly insisted that a jurisdictional dismissal *must be without* prejudice to refiling in a forum of competent jurisdiction.") (quotation omitted; emphasis in original). Because dismissal for lack of jurisdiction is mandatory and without prejudice, "[w]hen a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits*." See Ramming*, 281 F.3d at 161 (citations omitted); *see also In re FEMA Trailer Formaldehyde Prod. Liab. Litig.*, 668 F.3d at 287 (prioritizing jurisdictional inquiries "prevents a court without jurisdiction from prematurely dismissing a case with prejudice").

### 2. Rule 12(b)(6)

Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A complaint that does not meet Rule 8(a)(2)'s pleading standard should be dismissed for failing to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell. Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at

9

555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

Ultimately, "[t]o survive a motion to dismiss" under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Although courts "accept all well-pled facts as true, construing all reasonable inferences in the complaint in the light most favorable to the plaintiff, conclusory allegations, unwarranted factual inferences, or legal conclusions are not accepted as true." *Allen v. Hays*, 65 F.4th 736, 743 (5th Cir. 2023) (cleaned up).

In resolving a motion to dismiss, the Court is generally "limited to the contents of the pleadings, including any attachments thereto." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (citation omitted). However, there are two limited exceptions to this general rule in which the Court may rely on evidence beyond the complaint without converting a Rule 12(b)(6) motion into a Rule 56 motion for summary judgment. *George v. SI Grp., Inc.*, 36 F.4th 611, 619 (5th Cir. 2022) (citing *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2014)). First, the Court "may consider 'any documents attached to the motion to dismiss that are central to the claim and referenced [or incorporated] in the complaint.'" *See PHI Grp., Inc. v. Zurich Am. Ins. Co.*, 58 F.4th 838, 841 (5th Cir. 2023) (citation omitted).

10

Second, the Court may consider "a matter subject to judicial notice under Federal Rule of Evidence 201." *George*, 36 F.4th at 619.[8]

Considering that the source of the alleged tortious conduct—allegedly defamatory statements—is found in judicial opinions, and because the Court may take judicial notice of the same, the Court considers the various judicial opinions forming the background for the instant lawsuit in order to resolve the Rule 12(b)(1) and (6) bases for dismissal. Indeed, the Court considers these materials without objection.

### B. The United States' Motion to Dismiss Shall be Granted.

The United States moves to dismiss Mr. Barker's claims for lack of subject matter jurisdiction due to his failure to exhaust administrative remedies under the FTCA and alternatively because Judges Douglas and Morgan (and thus the United States) enjoy absolute judicial immunity from Mr. Barker's claims. Mr. Barker opposes dismissal, contending that he does not seek to recover monetary damages but, instead, seeks equitable and injunctive relief for the judges' defamatory statements, and thus was not required to exhaust remedies; he further argues that absolute judicial immunity does not apply. The United States replies that Mr. Barker was required to exhaust his remedies, despite his attempt to recast his purported alleged remedy and that, in any event, federal judges indeed are immune to injunctive

---

[8] If the Court considers materials outside the pleadings which are not central to the claim or subject to judicial notice, then the motion to dismiss must be converted into a motion for summary judgment. *See* Fed. R. Civ. P. 12(d); *see also Kennedy v. Chase Manhattan Bank USA*, 369 F.3d 833, 839 (5th Cir. 2004). If conversion to summary judgment is appropriate, the Court must notify the parties, then consider all evidence presented. *See* Fed. R. Civ. P. 12(d); *see also Scanlan v. Texas A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003).

and declaratory relief as well as monetary damages. The Court agrees. Mr. Barker's claims against the United States must be dismissed without prejudice for lack of subject matter jurisdiction for failure to exhaust and, alternatively, dismissal would be warranted due to absolute judicial immunity.

### 1.  Mr. Barker Failed to Exhaust Administrative Remedies.

The United States certified Judges Douglas and Morgan's scope of federal employment and substituted itself as party-defendant in their places under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2679(d)(2). Mr. Barker's claims thus "shall be deemed to be an action or proceeding brought against the United States" under the FTCA. *Id.*; *see also Counts v. Guevara*, 328 F.3d 212, 214 (5th Cir. 2003).

Considering this certification, Mr. Barker's lawsuit "shall proceed in the same manner as any action against the United States" under the FTCA and is further "subject to the limitations and exceptions applicable" to FTCA actions. 28 U.S.C. § 2679(d)(4). One such "limitation" is that "an action shall not be instituted upon a claim against the United States for money damages . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a); *see also Barnes v. Gittel*, 650 F. App'x 236, 240 (5th Cir. 2016) (applying § 2675(a) to cases removed under § 2679(d)(2)).

The Fifth Circuit has held that the proper presentation and exhaustion of an administrative claim under § 2675(a) is a jurisdictional prerequisite to filing and maintaining suit under the FTCA. *See, e.g., McAfee v. 5th Circuit Judges*, 884 F.2d

12

221, 222-23 (5th Cir. 1989). Accordingly, when a plaintiff fails to exhaust his administrative remedies under the FTCA before filing suit, his lawsuit is dismissed without prejudice for lack of jurisdiction. *Id.*; *see also Victoriana v. U.S. ex rel. Fed. Emergency Mgmt. Agency*, No. 08-5048, 2009 WL 2175977, at *2 (E.D. La. July 20, 2009) ("Failure to comply with § 2675 deprives the federal courts of jurisdiction over the claim.").

Here, Mr. Barker has the burden of establishing this Court's subject matter jurisdiction. The United States' waiver of sovereign immunity requires that Mr. Barker present an administrative tort claim to the Administrative Office of the U.S. Courts and receive a written denial or allow six months to pass (whichever occurs first) before filing suit in district court. *See* 28 U.S.C. § 2675(a). Mr. Barker has neither alleged nor established that he exhausted his administrative remedies. Because he has failed to satisfy the FTCA's "jurisdictional prerequisite," his claims against the United States must be dismissed for lack of subject matter jurisdiction. *See Barnes*, 650 F. App'x at 240 (citing *Life Partners Inc. v. United States*, 650 F.3d 1026, 1030 (5th Cir. 2011)).

Mr. Barker attempts to circumvent this exhaustion requirement by reframing his requested relief. Though Mr. Barker attempts to recast his allegations as seeking equitable and not monetary relief, his state-court petition plainly seeks monetary damages and plainly predicates liability on defamation, a tort claim under Louisiana law, which is compensable by money damages, not equitable relief. *See* La. Civ. Code art. 2315; *see also Greenberg v. DeSalvo*, 229 So. 2d 83, 86 (1969). Mr. Barker's

13

defamation claims against the United States must be dismissed for failure to exhaust administrative remedies.

Accordingly, under § 2675(a), the Court lacks subject matter jurisdiction to reach or resolve the merits of Mr. Barker's tort claims against the United States.[9]

### 2. Alternatively, Absolute Judicial Immunity Precludes the FTCA Claim.

The United States advances another dismissal ground which supports dismissal. Even if Mr. Barker had timely presented and exhausted an administrative tort claim under the FTCA, the defense of absolute judicial immunity is statutorily preserved, 28 U.S.C. § 2674. Judges Douglas and Morgan's complained-of activities in presiding over Mr. Barker's federal habeas proceeding are clearly immunized and must be dismissed for this independent reason.

Under the FTCA, the United States is liable for tort claims "under circumstances where the United States, if a private person, would be liable to the claimant" under state law where the act or omission occurred. 28 U.S.C. § 1346(b)(1). Even so, § 2674 provides that "the United States shall be entitled to assert any defense based upon judicial . . . immunity which otherwise would have been available to the employee of the United States whose act or omission gave rise to the claim." Accordingly, where, as here, Judges Douglas and Morgan enjoy absolute immunity from Mr. Barker's lawsuit, the United States may also claim that immunity as a

---

[9] Though he does not request leave to do so, the Court would not retain jurisdiction while permitting Mr. Barker an opportunity to attempt to exhaust his administrative remedies. *See, e.g., Gregory v. Mitchell*, 634 F.2d 199, 203-04 (5th Cir. 1981); *Schexnayder v. St. Charles Parish*, No. 12-416, 2012 WL 1357784, at *2 n.2 (E.D. La. Apr. 19, 2012).

14

substituted defendant. *See, e.g., Jones v. Shields*, 107 F. App'x 725, 727 (9th Cir. 2004) (applying absolute judicial immunity to bar FTCA claim based on judicial conduct in presiding over prior litigation involving the plaintiff).

There is a "long-settled understanding that the independent and impartial exercise of judgment vital to the judiciary might be impaired by exposure to potential damages liability." *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 435 (1993). Judges enjoy absolute immunity from an action for damages for acts performed in their judicial capacities, "'even when such acts are . . . alleged to have been done maliciously or corruptly.'" *McAfee v. 5th Cir. Judges*, 884 F.2d 221, 222 (5th Cir. 1989) (citing *Stump v. Sparkman*, 435 U.S. 349, 356 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of authority[.]")).

To be sure, "[absolute] [j]udicial immunity can be overcome only by showing that the actions complained of were nonjudicial in nature or by showing that the actions were taken in the complete absence of all jurisdiction." *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994) (citing *Mireles v. Waco*, 502 U.S. 9, 11 (1991)). To classify an act as judicial, courts generally balance these factors, which are broadly construed in favor of immunity: (1) whether the act complained of is an ordinary judicial function; (2) whether the acts occurred in a courtroom or appropriate adjunct space such as judges' chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in

15

his official capacity. *See Adams v. McIlhany*, 764 F.2d 294, 297 (5th Cir. 1985) (quotations, citation omitted).

Applying these factors, it is clear that Judges Douglas and Morgan's challenged acts were judicial acts. Mr. Barker fails to offer any contention that would overcome their absolute judicial immunity. In the instant lawsuit, Mr. Barker targets certain aspects of rulings Judges Douglas and Morgan made in his federal habeas proceeding and claims that they perpetuated defamatory misrepresentations about him. For example, Mr. Barker alleges:

> Douglas and Morgan should have reasonably known the false fact by Dysart – passed to the Federal Judges by Daly – was a falsity; true to the extent that where they use the facts against the plaintiff's character – going on the record should have been fact-checked.
>
> Noting – All defendants are now aware that the plaintiff has asserted the false facts (proving them to be false) and have failed to take any action to retract and/or correct the falsity publicly. Showing their complete and deliberate disinterest in complying with La. Civ. C. art. 2315 (their obligation to repair the wrong).

ECF No. 1-1 at 7 (emphasis in original).

Mr. Barker's allegations clearly concern "judicial acts" (writing judicial opinions) undertaken while presiding over "judicial proceedings" (Mr. Barker's habeas proceeding). The rulings Mr. Barker challenges were rulings issued during the course of normal judicial functions, undertaken in a case previously pending before Judges Douglas and Morgan, issued from their chambers in the course and scope of their official duties in resolving controversies such as federal habeas petitions filed in the Eastern District of Louisiana. Where, as here, claims against judges arise from rulings issued during and concerning cases presented to them, those judges are

16

entitled to absolute judicial immunity. *See, e.g., Mitchell v. McBryde*, 944 F.2d 229, 230 (5th Cir. 1991) ("Clearly, the judge was acting within his judicial capacity in his rulings in the [plaintiffs'] prior lawsuit."). This is so regardless of whether the relief sought is monetary or equitable. *See, e.g., Simmons v. Edmondson*, 225 F. App'x 787, 788 (11th Cir. 2007) (citation omitted). Insofar as Mr. Barker is dissatisfied with court rulings, "his recourse was to seek appellate review of the rulings, not to sue the Judges[.]" *Buckenberger v. Nielsen*, No. 15-1785, 2015 WL 5061373, at *8 (E.D. La. Aug. 26, 2015) (citation omitted).

Because Judges Douglas and Morgan would be entitled to absolute judicial immunity from Mr. Barker's tort claims, the United States is equally entitled to invoke this immunity defense. *See* 28 U.S.C. § 2674; *see also Tinsley v. Widener*, 150 F. Supp. 2d 7, 12 (D. D.C. 2001) ("Judicial immunity also protects the United States from the plaintiff's FTCA suit. The United States possesses . . . immunity when sued under the FTCA because the defense is available to the judicial officer whose act is the basis for the suit."). Accordingly, even if Mr. Barker had exhausted his FTCA claims, Mr. Barker's tort claims against the United States must be dismissed for failure to state a claim—failure to overcome absolute judicial immunity.

**C. Judge Daniel Dysart's Motion to Dismiss Shall be Granted.**

State appellate judge Daniel Dysart moves to dismiss Mr. Barker's claims against him on the grounds that such claims are barred by the Eleventh Amendment, absolute judicial immunity, the *Rooker-Feldman* doctrine, and that the allegations fail to state a claim for relief. In addition to taking issue with the removal of his

17

lawsuit to this Court, Mr. Barker opposes dismissal, arguing that he has proved Judge Dysart's defamatory conduct and "lies" and that "dismissal would give an appearance of bias and prejudice." Mr. Barker's arguments are without merit. Dismissal of his claims against Judge Dysart is warranted.

Placing Mr. Barker's claims in the instant lawsuit in context, Mr. Barker alleges that Judge Dysart wrote defamatory remarks about him in judicial opinions. First, in the 2018 opinion of the Louisiana Fourth Circuit Court of Appeal, Judge Dysart wrote:

> In the instant case, Mr. Barker was appointed four attorneys prior to trial, and each time, he named them as a defendant in his civil lawsuit, then moved for his or her dismissal under a claim of conflict of interest.
>
> Mr. Barker then proceeded to create a conflict with every court-appointed attorney by naming them in his lawsuit . . . we cannot sanction such tactical maneuvers.[10]

Second, Mr. Barker challenges as false and defamatory the following statement written by Judge Dysart during the course of Mr. Barker's state civil lawsuit:

> A review of the Complaint, as amended, reveals that the object of the suit was a declaration that the Orleans Parish Public Defenders Office ("OPDB") was underfunded such that "ethical and effective assistance of counsel" was not possible and seeking the appointment of private counsel paid for by the OPDB.[11]

Mr. Barker thus focuses his claims for relief on Judge Dysart's written assertions in judicial opinions concerning Mr. Barker's conduct vis-à-vis his appointed counsel in his state court proceedings. Because Mr. Barker's claims are barred by Eleventh Amendment immunity and absolute judicial immunity, his claims against Judge

---

[10] ECF No. 1-1; *State v. Barker*, 2017-0469 (La. App. 4 Cir. 5/30/18), 317 So. 3d 422, 459-60.
[11] ECF Nos. 1-1; 6-2.

18

Dysart must be dismissed. For any claims not subject to dismissal on these grounds, Mr. Barker fails to state any plausible claim for relief.

### 1. Mr. Barker's Official-Capacity Claims Are Barred by the Eleventh Amendment.

The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. CONST. amend. XI. Unless a state consents to waive its immunity conferred by this amendment, the state is immune from being sued for injunctive relief and money damages in federal court. *See Cozzo v. Tangipahoa Par. Council-President Gov't*, 279 F.3d 273, 281 (5th Cir. 2002). Louisiana has not waived sovereign immunity within the federal system. *See id.*; *see also Holliday v. Bd. Of Supervisors of LSU Agr. & Mech. Coll.*, 149 So. 3d 227, 229 (La. 2014). This means that Louisiana enjoys immunity from suits in federal court and this immunity extends to suits brought under state law and additionally extends to suits against state officials in their official capacities, that is, when "the state is a real, substantial party in interest." *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101 (1984).

Eleventh Amendment immunity thus operates as a jurisdictional bar. In accordance with the Eleventh Amendment, Louisiana, or a Louisiana state official sued in his official capacity, is immune from any lawsuit seeking monetary damages or equitable relief in federal courts by the state's own citizens or citizens of another state. *See Pennhurst*, 465 U.S. at 101-02. This immunity extends to state-court

judges. *See, e.g., Davis v. Tarrant Cnty., Tex.*, 565 F.3d 214, 228 (5th Cir. 2009) ("Texas judges are entitled to Eleventh Amendment immunity for claims asserted against them in their official capacities as state actors."); *Cain v. City of New Orleans*, 281 F. Supp. 3d 624, 646 (E.D. La. 2017) (Vance, J.) (observing that Eleventh Amendment immunity would apply to a suit for retrospective relief against Orleans Parish Criminal District Court judges), *aff'd sub nom.*, *Cain v. White*, 937 F.3d 446 (5th Cir. 2019); *Summers v. Louisiana*, No. 13-4573, 2013 WL 3818560, at *4 (E.D. La. July 22, 2013) (Africk, J.) (finding that "an official-capacity claim against [a Louisiana judge] would in reality be a claim against the state itself, and any such claims would be barred by the Eleventh Amendment"); *Klein v. Medley*, No. 25-1047, 2025 WL 2986694, at *5 (E.D. La. Oct. 23, 2025) (North, M.J.); *Price v. Irons*, No. 19-11451, 2020 WL 1638376, at *3 (E.D. La. Apr. 2, 2020) (Vance, J.) (granting motion to dismiss claims against state-court judge in his official and individual capacities).

Applying these settled authorities, Mr. Barker's claims against a Louisiana state court judge, Judge Dysart, in his official capacity is a suit against a state official and thus barred by the Eleventh Amendment. Mr. Barker's official-capacity claims against Judge Dysart shall be dismissed without prejudice for lack of jurisdiction.

### 2. Mr. Barker's Individual-Capacity Claims Are Barred by Absolute Judicial Immunity.

In addition to seeking to recover monetary damages and equitable relief against Judge Dysart in his official capacity, Mr. Barker ostensibly pursues relief (including seeking monetary damages) against Judge Dysart in his individual

capacity. Considering Mr. Barker's allegations, Judge Dysart is entitled to dismissal of such claims given Judge Dysart's entitlement to absolute judicial immunity.

The absolute judicial immunity principles set forth above apply equally to state-court judges: judges enjoy absolute immunity from an action for damages for acts performed in their judicial capacities, "'even when such acts are ... alleged to have been done maliciously or corruptly.'" *McAfee v. 5th Cir. Judges*, 884 F.2d 221, 222 (5th Cir. 1989) (citing *Stump v. Sparkman*, 435 U.S. 349, 356 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of authority[.]")). Such "immunity can be overcome only by showing that the actions complained of were nonjudicial in nature or by showing that the actions were taken in the complete absence of all jurisdiction." *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994) (citing *Mireles v. Waco*, 502 U.S. 9, 11 (1991)). To classify an act as judicial, courts generally balance these factors, which are broadly construed in favor of immunity: (1) whether the act complained of is an ordinary judicial function; (2) whether the acts occurred in a courtroom or appropriate adjunct space such as judges' chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity. *See Adams v. McIlhany*, 764 F.2d 294, 297 (5th Cir. 1985) (quotations, citation omitted).

Applying these factors, Judge Dysart clearly enjoys absolute judicial immunity from Mr. Barker's claims. Mr. Barker alleges that Judge Dysart wrote majority and dissenting opinions for the Louisiana Fourth Circuit Court of Appeals and within

21

those opinions made false and defamatory statements concerning Mr. Barker. Even if written in error or maliciously, as Mr. Barker alleges, Judge Dysart enjoys absolute immunity for these acts performed in his judicial capacity.

Mr. Barker does not allege that Judge Dysart acted beyond the state appellate court's jurisdiction.[12] To the contrary, Mr. Barker specifically challenges as false and defamatory assertions *written in judicial opinions* resolving issues presented for resolution by Mr. Barker and other litigants. Writing opinions on issues presented in cases for resolution is a clear function of judges. Mr. Barker's contention that false assertions within judicial opinions transforms a judicial act into one that is non-judicial incorrect as a matter of law and fails to overcome absolute judicial immunity.

Accordingly, Judge Dysart's motion to dismiss Mr. Barker's individual capacity claims is granted and such claims are dismissed with prejudice.

### 3. Mr. Barker Fails to Allege Entitlement to Injunctive or Declaratory Relief.

"[F]ederal courts have no authority to direct state courts or their judicial officers in the performance of their duties." *Johnson v. Bigelow*, 239 F. App'x 865 (5th Cir. 2007) (citation omitted). Here, Mr. Barker fails to offer any factual predicate or legal source for entitlement to injunctive or declaratory relief in his favor and against Judge Dysart. Indeed, in challenging as defamatory written judicial opinions issued years ago, it does not appear that he seeks (much less could he obtain) *prospective* injunctive or declaratory relief. If these remedies even invoke the case or controversy

---

[12] It is undisputed that the Fourth Circuit Court of Appeal had appellate jurisdiction over Mr. Barker's state court proceedings arising within the relevant geographical boundaries. *See* La. Const. art. V, § 10.

22

requirement of Article III, he fails to state any plausible claim for these equitable remedies. *Cf. Adams*, 764 F.2d at 299.

## III.   CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS ORDERED** that United States' motion[13] to dismiss is **GRANTED**. Mr. Barker's claims against the United States are hereby **DISMISSED**.

**IT IS FURTHER ORDERED** that Daniel Dysart's motion[14] to dismiss is **GRANTED**. Mr. Barker's claims against Daniel Dysart are hereby **DISMISSED**.

New Orleans, Louisiana, this 16th day of March, 2026.

BRANDON S. LONG
UNITED STATES DISTRICT JUDGE

---

[13] ECF No. 4.
[14] ECF No. 6.

23